```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BRYAN E. FISCHER, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-6792 (JBS/AMD) |
| v. | |
| G4S SECURE SOLUTIONS USA, INC., | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE,** Chief Judge:

This matter is before the Court on Plaintiff Bryan Fisher's motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). THE COURT FINDS AS FOLLOWS:

1. Plaintiff originally filed his Complaint in this action with the Superior Court of New Jersey, Law Division, Gloucester County on November 16, 2010, alleging contract and other common law and state law causes of action against Defendant G4S Secure Solutions USA, Inc. ("G4S USA"), Plaintiff's employer, and Plaintiff's union, the Nuclear Power Plant Security Officers of America. [Docket Item 1.] Defendant G4S USA subsequently removed the action to this Court on the ground that Plaintiff's claims were completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

2. On August 31, 2011, the Court granted the motion of Defendant G4S USA to dismiss Plaintiff's Complaint for failure to

state a claim, but the Court dismissed the Complaint without prejudice to Plaintiff filing a subsequent motion for leave to file an amended complaint that cures the original Complaint's infirmities. [Docket Items 13 & 14.] Specifically, the Court concluded that, as pled, Plaintiff's claims either were preempted by Section 301 of the LMRA or failed to state a claim for relief. The Court explained that Plaintiff might potentially state a valid claim for a violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1, if Plaintiff alleged sufficient facts to support such a charge in a subsequent Amended Complaint. Aug. 31, 2011 Opinion at *10-16. The Court further explained that such an amended complaint would be required to invoke this Court's diversity jurisdiction, as such an amended complaint would state only claims under state law. Id. at *13 note 2.

    3. Plaintiff subsequently filed the instant motion for leave to file an amended complaint, and attached a proposed Amended Complaint. [Docket Item 15.] Defendant G4S USA filed opposition to the motion on the grounds that amendment would be futile because the proposed Amended Complaint suffers from the same infirmities as the original Complaint: namely, that it fails to state a claim for which relief can be granted and that the complaint is preempted by § 301 of the LMRA. [Docket Item 17.]

    4. The Court concludes, after reviewing the proposed

Amended Complaint, that the Court cannot grant the motion to amend because the proposed Amended Complaint does not adequately allege facts sufficient to invoke the Court's subject matter jurisdiction.  The burden of establishing this Court's subject matter jurisdiction originally rested with Defendant G4S USA, as the removing party; Defendant satisfied this burden by successfully arguing that the matter, as then pled in the Complaint, was preempted under § 301 of the LMRA.  But since, after the Court has dismissed all claims against all Defendants in this action, Plaintiff is now seeking to invoke the Court's diversity jurisdiction by alleging in a new complaint only a state law cause of action, it is Plaintiff's burden to allege facts sufficient to demonstrate the Court has subject matter jurisdiction.  Plaintiff does not satisfy this burden in his proposed Amended Complaint.

5.   The proposed Amended Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 446 and 28 U.S.C. § 1367, and does not allege diversity of citizenship for jurisdiction under 28 U.S.C. § 1332 or the amount in controversy between the parties (or any facts from which the Court could deduce whether the amount in controversy is over the jurisdictional amount).[1]   The proposed Amended Complaint appears

---

[1] It is not clear what Plaintiff means in his allegation that "Jurisdiction is conferred on this court by 28 U.S.C. § 446."  As there is no statute codified at 28 U.S.C. § 446, the

to attempt to invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), in that Plaintiff's sole claim for relief is for a violation of New Jersey state law (the CEPA), and the parties appear to be citizens of diverse states.  However, to sufficiently invoke the Court's diversity jurisdiction under § 1332(a), Plaintiff is also required to allege the citizenship of all parties and that the amount in controversy is greater than $75,000.

     6.   Plaintiff alleges that he was terminated from his position as a security guard from Defendant G4S USA, and that this termination violated the New Jersey CEPA, N.J. Stat. Ann. § 34:19-3.  The statue provides for money damages and the imposition of civil penalties, see N.J. Stat. Ann. § 34:19-5, but Plaintiff does not allege that his lost income or other damages would amount to more than $75,000.  Indeed, Plaintiff alleges no facts regarding the quantum of his lost income, what his income had been in his position as a security guard, or any other amount.

---

Court assumes that Plaintiff meant to refer to 28 U.S.C. § 1446, which governs the procedure for removal of state court matters to federal court, but this is an insufficient basis for jurisdiction for several reasons, including that the original Complaint in this action, which was removed to this Court by Defendant, has been dismissed in its entirety.  Additionally, 28 U.S.C. § 1367, which governs the Court's supplemental jurisdiction, is also not a sufficient basis to allege jurisdiction when the Court has previously dismissed all claims, and Plaintiff's proposed Amended Complaint alleges only one new state-law cause of action.

7.  "The basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." Abulkhair v. Liberty Mut. Ins. Co., 441 F. App'x 927, 930 (3d Cir. 2011) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).  The Court therefore must deny Plaintiff's motion to amend.

8.  Further, the Court cannot address Defendant's arguments regarding futility of the proposed Amended Complaint until the Court is assured that it has subject matter jurisdiction to hear this action.

9.  The Court will, therefore, deny Plaintiff's motion to amend but will permit Plaintiff another opportunity to file a motion to amend, provided Plaintiff attaches a proposed amended complaint that cures the defective jurisdictional pleadings identified in this Memorandum Opinion.  Plaintiff's motion to amend will be timely if it is filed within 21 days of the entry of this Memorandum Opinion and the accompanying Order.  In the event that Plaintiff files a complying motion to amend, Defendant can renew its opposition to the motion by merely writing to the Court a short letter in opposition referring the Court to its prior brief in opposition.

10. The accompanying Order will be entered.

**May 15, 2012**                          **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge